IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CYRANO GLASS, No. R25170,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00799-MJR |
| ) | |
| **WARDEN RANDY DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Cyrano Glass, an inmate in the custody of the Illinois Department of Corrections and housed at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

## Discussion

Plaintiff Glass takes issue with the conditions of his confinement at Vienna Correctional Center ("Vienna"), where he has been housed since September 19, 2012. According to the complaint: fire alarms go off randomly; Glass is being exposed to asbestos; rival gang members are housed in the same unit; third shift guards sleep on the job and miss their rounds; grievance forms are not available; legal mail is opened by staff; there is inadequate ventilation; the roof leaks; there are too few working toilets and the working toilets overflow; there is mold in the shower; there is mold on the bread; there are rodent droppings in the kitchen and living spaces; and mentally ill inmates are not segregated. The complaint is also sprinkled

with allegations of "negligence," "gross negligence," and "imminent danger." Plaintiff seeks only monetary damages.

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, all FTCA claims must be dismissed, with prejudice.

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.' " *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Relevant to Plaintiff's conditions of confinement claims, the Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).

As pleaded, some of these claims fail to state colorable constitutional claims. For example, fire alarms going off randomly does not rise to the level of an Eighth Amendment violation, even though inmates and guards may become immune to the alarms and thus face a higher risk of harm in the event of a real fire. Housing rival gang members together and not segregating mentally ill inmates also do not amount to Eighth Amendment violations in and of themselves. Also, conclusory legal statements do not meet the Rule 8 and *Twombly* pleading standards. The complaint is akin to a laundry list and simply does not provide enough information to edge these claims from being possible to being plausible.

With that said, the claims regarding health and sanitation—such as exposure to asbestos and mold, too few toilets, rodent droppings—are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each might not suffice alone; this would occur when they have

"a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  Nevertheless, the complaint is still fatally flawed.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Warden Randy Davis is the only named defendant.  He is sued in both his individual and official capacities.  However, aside from Davis's name appearing in the caption of the complaint, he is not mentioned in the narrative portion of the complaint.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Although the doctrine of *respondeat superior* is not applicable to Section 1983 actions; "[s]upervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).  However, no policy or practice attributable to Davis is alleged or intimated.  Thus, in terms of individual liability, the complaint fails to state a claim against Warden Davis.

Absent any individual liability, a warden could still be liable in his official capacity, but only for purposes of securing injunctive relief. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). Injunctive relief is not requested, and the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Consequently, no official capacity claim has been stated either.

For these reasons, the complaint must be dismissed. Dismissal shall be without prejudice and with leave to file an amended complaint consistent with this order.

### Pending Motion

Plaintiff has filed a letter (Doc. 3), which the Court will construe as a motion, seeking a state investigation into his living conditions. He also asserts that he feels his health is at risk, and that he is in imminent danger of physical harm. No other details are offered in the motion. *If* Plaintiff is seeking a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65, he must file a proper motion. At present, his bald assertions of imminent physical danger, lacking in *any* detail, are insufficient to warrant such relief, particularly since at this juncture there is no viable complaint and, therefore, no basis for jurisdiction. Consequently, Plaintiff's motion (Doc. 3) must be denied.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all Federal Tort Claim Act claims and claims of negligence and gross negligence are **DISMISSED** with prejudice; Defendant **WARDEN RANDY DAVIS** is **DISMISSED** without prejudice; and this complaint is **DISMISSED** without prejudice for failure to state a relief upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **October 25, 2013**, Plaintiff shall file an amended complaint.  Failure to file an amended complaint may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a state investigation (Doc. 3) is **DENIED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 25, 2013**

                s/ *Michael J. Reagan*
                **MICHAEL J. REAGAN**
                **UNITED STATES DISTRICT JUDGE**